■ DOLITSKY's DRY CLEANERS, INC., Respondent, v Y L JERICHO DRY CLEANERS, INC., et al., Appellants. [610 NYS2d 302] —In an action to recover under certain promissory notes, the defendants appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 4, 1992, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the action on the grounds of res judicata.

Ordered that the order is affirmed, with costs.

In August 1989 the parties entered into an agreement for the purchase of the plaintiff's business. The defendant, Y L Jericho Dry Cleaners, Inc. (hereinafter Y L Jericho) delivered a series of promissory notes in which it promised to pay, commencing in September 1989, 120 monthly installments at $2,609.53 a month. The defendant Lee guaranteed payment of the notes.

After the defendant Y L Jericho failed to pay the third, fourth, and fifth installment, the plaintiff served a default notice. On or about February 14, 1990, the plaintiff commenced a prior action against the defendants, asserting, *inter alia,* that in view of the default by the defendant Y L Jericho's, all 120 payments were to be accelerated pursuant to the terms of the notes. This prior action terminated with the execution by the parties of a stipulation of discontinuance "with prejudice", on October 22, 1990.

The instant action was commenced by the plaintiff in April 1991. The plaintiff alleged that the defendants had defaulted on the fifteenth note, which was due in November 1990, and demanded acceleration and full payment of remaining notes. The defendants moved to dismiss this action on the grounds of res judicata. The Supreme Court denied the defendants' motion, holding:

"The first litigation concerns a default in payment that occurred in 1989, and the action arising from that default was subsequently settled by stipulation. The second action concerns a separate default in payment which occurred after the discontinuance of the first action.

"Therefore, this action will not be dismissed on res judicata or collateral estoppel grounds".

We affirm.

It is well settled that "[a] stipulation [of discontinuance] with prejudice does carry res judicata authority" with respect

to the same cause *(Rossi v Twinbogo Co.,* 193 AD2d 481, 483; 7A Carmody-Wait 2d, NY Prac § 47:46, at 48; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3217.10; *Forte v Kaneka Am. Corp.,* 110 AD2d 81, 85; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15, at 735-736). However, the language "with prejudice" is narrowly interpreted when the interests of justice, or the particular equities involved, warrant such an approach *(see,* 7A Carmody-Wait 2d, NY Prac § 47:46, at 48; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3217.10; *Matter of Horton,* 51 AD2d 856).

In opposition to the defendants' motion to dismiss, the president of the plaintiff alleged, without contradiction by the defendants, that prior to the execution of the stipulation of discontinuance, the parties had reached a settlement agreement. Pursuant to that agreement, the plaintiff was to surrender the third through fourteenth and the thirty-fifth through one-hundred-twentieth note to the defendants in exchange for $100,000, and, upon payment of the $100,000 by the defendants, the remaining 20 notes, which were payable commencing in November 1990 and were retained by the plaintiff, were to be paid in accordance with the previously stated due dates. The plaintiff's president also alleged, without contradiction by the defendants, that the settlement agreement was fully performed by the parties, thus negating the Statute of Frauds issue raised by the defendants *(see, Berth v Knapp Co.,* 215 App Div 693), i.e., the $100,000 was paid by the defendants to the plaintiff, the third through fourteenth and thirty-fifth through one-hundred-twentieth notes were surrendered by the plaintiff to the defendants, and the remaining 20 notes were retained by the plaintiff. Under these circumstances, it is clear that the parties' intent in utilizing the language "with prejudice" in the stipulation of discontinuance was only to preclude relitigation of the cause of action alleging a default in payment on the third, fourth, and fifth notes, and was not intended to preclude the plaintiff from commencing an action on the subsequent separate default on the fifteenth note.

Accordingly, the defendants' motion to dismiss the action was properly denied by the Supreme Court. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.