■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURT REPORTING INSTITUTE, INC., et al., Appel-

lants. [666 NYS2d 730] —In a proceeding pursuant to Executive Law § 63 (12), *inter alia,* for injunctive relief and restitution for repeated fraud in conducting business, the Court Reporting Institute, Inc., Mary Hauptman, and Ted Doukas appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated October 7, 1996, which, *inter alia,* declined to dismiss the petition.

Ordered that the order is affirmed, with costs.

The appellant Court Reporting Institute, Inc. (hereinafter CRI), operates a trade school to train and certify court reporters. The appellants Mary Hauptman and Ted Doukas are the only officers and joint shareholders of CRI.

The Attorney-General initiated this proceeding alleging that the appellants have victimized their students through the improper management of their curriculum, tuition overcharges, and false promises of employment. He seeks to enjoin these allegedly deceptive and illegal practices and to obtain restitution for current and former students, as well as civil penalties and costs.

The Attorney-General alleges, *inter alia,* that the appellants engaged in false and misleading advertising. The appellants assert that such claims are barred by the principles of estoppel pursuant to a 1992 Consent Agreement between CRI and the New York State Education Department (hereinafter SED), and that all of the advertisements which are now alleged to contain misleading statements were approved by SED. However, a review of the record shows that SED only reviewed the advertisements as to form and did not, and could not, confirm the accuracy of the statements contained therein.

Furthermore, SED's approval of the advertisements pursuant to the 1992 Consent Agreement does not bar this proceeding under the principles of res judicata or collateral estoppel. The allegations in the instant petition go beyond those previously made against CRI and relate to its allegedly fraudulent practices beyond the time frame of the Consent Agreement (*see generally,* Siegel, NY Prac §§ 442, 443, at 585-587).

Contrary to the appellants' claims, the petition does state viable claims against the individual appellants. In a proceeding pursuant to Executive Law § 63 (12), officers and directors of a corporation may be held liable for fraud if they participate in it or have actual knowledge of it (*see, People v Apple Health & Sports Clubs,* 80 NY2d 803; *People v Concert Connection,* 211 AD2d 310, 320).

The appellants' remaining contentions are without merit. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.