■ DAVID E. VAN HOF, Appellant, v TOWN OF WARWICK et al., Respondents. [671 NYS2d 144] —In an action, *inter alia*, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 7, 1997, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly was subjected to malicious prosecution and other torts by the defendants after he lodged a complaint against the defendant Edward Mullins, Jr., a police officer employed by the defendant Town of Warwick. The plaintiff initially commenced an action in Federal Court, alleging that the defendants' conduct abridged his civil rights in violation of 42 USC § 1983. His complaint also alleged various State law tort causes of action. In response to a motion by the defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure, which asserted only that the plaintiff's civil rights claims were frivolous, a stipulation was executed discontinuing the Federal action. Although the parties' stipulation apparently did not originally so provide, it was subsequently amended to recite that the discontinuance was "with prejudice".

The plaintiff then commenced the instant action in State Court, advancing, *inter alia*, causes of action to recover damages for malicious prosecution, false arrest, libel, and slander. The defendants moved to dismiss this action asserting that it was barred by the stipulation discontinuing the action in Federal Court with prejudice. The Supreme Court granted the defendants' motion. We now reverse.

The general rule is that a stipulation of discontinuance "with prejudice" is afforded res judicata effect and will bar litigation of the discontinued causes of action (*see, Rossi v Twinbogo Co.,* 193 AD2d 481). However, the language "with prejudice" is narrowly interpreted when the interests of justice, or the particular equities involved, warrant such an approach (*see, Dolitsky's Dry Cleaners v Y L Jericho Dry Cleaners,* 203 AD2d 322, 323). Such a narrow interpretation is warranted in the instant matter.

Notwithstanding that the stipulation discontinuing the action in Federal Court was with prejudice, it is clear that the

discontinuance was predicated solely upon the defendants' assertions that the plaintiff's civil rights cause of action was baseless. Neither the defendants' motion to dismiss the Federal action, nor their memorandum of law in support of the motion, raised any arguments with respect to the plaintiff's State law tort causes of action. The Federal Court made no determination as to the merits of the plaintiff's pendent State law tort causes of action and presumably never exercised jurisdiction thereover (see, Capital Tel. Co. v New York Tel. Co., 146 AD2d 312, 316; see also, Whitfield v JWP/Forest Elec. Corp., 223 AD2d 423). Since the Federal Court did not assume jurisdiction over the plaintiff's pendent State law tort causes of action, they are not barred by res judicata, and may be asserted in the instant action (see, Browning Ave. Realty Corp. v Rubin, 207 AD2d 263; Creative Bath Prods. v Connecticut Gen. Life Ins. Co., 173 AD2d 400; see also, McLearn v Cowen & Co., 60 NY2d 686). Therefore, the motion to dismiss should have been denied. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.