■ SOUTHAMPTON ACRES HOMEOWNERS ASSOCIATION, INC., Appellant, v ROBERT F. RIDDLE et al., Respondents. [753 NYS2d 841] —Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Suffolk County, dated April 19, 2001, which was determined by decision and order of this Court dated August 5, 2002, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion, and upon the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted, and upon reargument, the decision and order of this Court dated August 5, 2002 (297 AD2d 293), is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, for a judgment declaring that the plaintiff has an easement permitting vehicular use over the defendants' real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 19, 2001, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff does not have an easement permitting vehicular use over the defendants' real property.

The parties entered into a stipulation of discontinuance in which they agreed to discontinue a prior action with prejudice. The plaintiff then commenced the instant action asserting the same claims and seeking the same relief. Under the terms of the parties' stipulation of discontinuance, the claims in this action are barred by the doctrine of res judicata (*see Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481; *Coliseum Towers Assoc. v County of Nassau,* 217 AD2d 387; *React Serv. v Rindos,* 243 AD2d 550, 551).

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff does not have an easement permitting vehicular use over the defendants' real property (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Feuerstein, Smith and Adams, JJ., concur.