■ THOMAS L. TROY, Respondent, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, et al., Appellants. [752 NYS2d 460] —Appeal from an order of Supreme Court, Erie County (Sconiers, J.), entered February 21, 2002, which denied defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff, who unsuccessfully applied for positions at various New York State correctional facilities, commenced this action alleging that defendants had unlawfully discriminated against him on the basis of his disability and arrest record and had unlawfully retaliated against him for filing various administrative complaints and lawsuits alleging such discrimination. Supreme Court erred in denying defendants' motion to dismiss the complaint based on the res judicata effect of an order dismissing a prior federal action "with prejudice" pursuant to the parties' settlement and stipulation of discontinuance of that action. The order of dismissal in the federal action is entitled to res judicata effect where, as here, the circumstances evince that it is on the merits or with prejudice to relitigation of the discontinued claim, or where the parties otherwise have indicated that the settlement and discontinuance would have such preclusive effect (*see Southampton Acres Homeowners Assn. v Riddle*, 299 AD2d 334; *Matter of Hofmann*, 287 AD2d 119, 123; *Mosello v First Union Bank*, 258 AD2d 631, 632; *Schwartzreich v E.P.C. Carting Co.*, 246 AD2d 439, 440-441; *Nottenberg v Walber 985 Co.*, 160 AD2d 574, 575). Contrary to plaintiff's contention, there is no indication that the federal court, prior to dismissing the action, had declined to exercise its pendent jurisdiction over the state law claims (*see McLearn v Cowen & Co.*, 48 NY2d 696, 698, *on*

*rearg* 60 NY2d 686; *cf. Van Hof v Town of Warwick,* 249 AD2d 382, 383), or that the federal court intended the dismissal to be without prejudice to relitigation of the state law claims (*cf. McLearn,* 60 NY2d at 688).

The doctrine of res judicata, or claim preclusion (*see generally Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 347), generally dictates that a valid final determination on the merits bars a future action between the same parties on the same cause of action (*see O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Matter of Reilly v Reid,* 45 NY2d 24, 27; *see also Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307). Under the doctrine, a new claim constitutes the same cause of action as the formerly litigated claim if they both arise out of the same transaction or occurrence or series of transactions or occurrences, even if the new claim is based upon a different legal theory or seeks a different remedy (*see Smith v Russell Sage Coll.,* 54 NY2d 185, 192-194, *rearg denied* 55 NY2d 878; *O'Brien,* 54 NY2d at 357; *Reilly,* 45 NY2d at 30; *see also Parker,* 93 NY2d at 347). Here, the transactions and occurrences underlying the dismissed federal action are identical to those underlying the instant state action, namely, defendants' repeated rejections of plaintiff's employment applications through September 1998. Thus, contrary to plaintiff's contention, it is not determinative that, in the instant state action, defendants are alleged to have had an additional discriminatory motive in refusing to hire plaintiff or to have wronged plaintiff on an additional legal theory. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.