■ Louis W. Morse, Respondent, v Lynn A. Morse, Appellant. [784 NYS2d 590]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Orange County (McGuirk, J.), dated August 28, 2003, which, inter alia, after a nonjury trial, awarded the defendant a one-half share of the common stock of his funeral home business and an additional one-half share of the value of the real property on which the funeral home business is situated.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the defendant a one-half share of the value of the real property on which the funeral home business is situated; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1972. During the course of the marriage, the plaintiff acquired a funeral home business, the Morse Funeral Home, Inc. (hereinafter the funeral home), from his father. The plaintiff held 100% of the common stock of the funeral home, and the defendant worked there as a part-time, salaried corporate officer. The real property on which the funeral home is situated was appraised at a market value of $240,000. In a separate appraisal, the fair market value of the common stock of the funeral home was valued at $392,000. Significantly, in arriving at the $392,000 valuation of the common stock of the funeral home, the appraiser accounted for and included in such calculation the market value of the real property on which the funeral home is situated, namely $240,000.

In April 2001 the plaintiff commenced this action for a divorce and ancillary relief. The Supreme Court granted the plaintiff a divorce and, inter alia, directed the distribution of the marital property. With respect to the funeral home, the Supreme Court found that it was marital property, and awarded the defendant a one-half share of the value of its common stock. The Supreme Court also awarded the defendant a one-half share of the value of the real property on which the funeral home business was situated.

Taking into consideration the circumstances of the case and of the respective parties (*see* Domestic Relations Law § 236 [B] [5] [c], [d]; *Adjmi v Adjmi,* 8 AD3d 411 [2004]), the Supreme Court properly found that the funeral home was a marital asset subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c]). The funeral home was acquired during the marriage and the defendant contributed to both its acquisition and operation (*see Palumbo v Palumbo,* 10 AD3d 680 [2004]).

However, the Supreme Court erred in awarding the defendant a one-half share of the value of the real property on which the funeral home is situated. The value of the real property on which the funeral home is situated was factored into the valuation of the common stock of which the defendant was correctly awarded a one-half share.

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.