■ In the Matter of STATE OF NEW YORK et al., Appellants, v SEAPORT MANOR A.C.F., Also Known as SEAPORT MANOR ADULT CARE FACILITY, et al., Respondents. [797 NYS2d 538]—

In a proceeding pursuant to Executive Law § 63 (12), General Business Law §§ 349 and 350, and Social Services Law §§ 131-*o* and 460-d, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated June 11, 2003, as granted those branches of the separate motions of the respondents which were to dismiss the first, second, third, and fourth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motions which were to dismiss the first, second, third, and fourth causes of action, and substituting therefor a provision granting those branches of the motions only to the extent that they are based on statutory violations that occurred on or before March 7, 2002; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the first, second, third, and fourth causes of action are reinstated to the extent that they are based on violations that occurred after March 7, 2002.

The Attorney General of the State of New York (hereinafter the Attorney General) and the Commissioner of the Department of Health (hereinafter the DOH) contend that an adult home known as Seaport Manor Home for Adults (hereinafter Seaport Manor), and its affiliates, engaged in repeated and persistent illegal, fraudulent, and deceptive business practices by

violating the statutes and regulations that govern the operation of an adult care facility. The alleged violations were, for the most part, the subject of two prior DOH administrative enforcement proceedings, both of which were discontinued with prejudice upon stipulations of settlement.

A stipulation of settlement, which discontinues a claim with prejudice, is subject to the doctrine of res judicata (*see React Serv. v Rindos*, 243 AD2d 550 [1997]; *Dolitsky's Dry Cleaners v Y L Jericho Dry Cleaners,* 203 AD2d 322 [1994]). Under the transactional approach to res judicata issues, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

Moreover, the doctrine of res judicata not only applies to the parties of record in the prior action, or administrative proceeding, but also to those in privity with them (*see Watts v Swiss Bank Corp.*, 27 NY2d 270 [1970]; *Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale*, 270 AD2d 374 [2000]; *Matter of Home of Histadruth Ivrith v State of N.Y. Facilities Dev. Corp.*, 114 AD2d 200 [1986]). Here, the underlying facts and statutory scheme establish that the Attorney General, who was not a party to the prior enforcement proceedings, was in privity with the DOH (*see* Social Services Law § 460-d [3], [5], [7]).

However, the Supreme Court improperly dismissed the first four causes of action in their entirety. To the extent that those causes of action are based on violations that occurred at Seaport Manor after the second stipulation was signed on March 7, 2002, they should not have been dismissed (*see People v Court Reporting Inst.*, 245 AD2d 564 [1997]).

The parties' remaining contentions are without merit. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.