■ Avco Security Systems, Inc., Respondent, v Linda T. Beigel, Appellant. [816 NYS2d 512]—

In an action to recover damages for conversion, the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated June 27, 2005, which denied her motion for summary judgment dismissing the complaint based on the doctrines of res judicata and collateral estoppel.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, Avco Security Systems, Inc. (hereinafter Avco), commenced this action against the defendant, Linda T. Beigel, alleging that she converted various property belonging to it. The president, sole shareholder, and sole director of Avco is Linda's former husband, Larry Beigel. The two divorced in an acrimonious action that was resolved by a stipulation of settlement entered into in open court. The defendant moved for summary judgment dismissing the complaint on the grounds that the action was barred by the doctrines of res judicata and collateral estoppel arising from the stipulation of settlement in the matrimonial action. In support of her motion, the defendant demonstrated, prima facie, that the issue of the ownership and possession of all of the property at issue herein (which was potentially marital property subject to equitable distribution) was actually litigated and resolved in the matrimonial action (see Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101 [2005]; Watts v Swiss Bank Corp., 27 NY2d 270, 277 [1970]; Luscher v Arrua, 21 AD3d 1005, 1006-1007 [2005]; Matter of State of New York v Seaport Manor A.C.F., 19 AD3d 609 [2005]; Morse v Morse, 12 AD3d 425 [2004]), and that Avco shall be bound by the determination therein (see Matter of Shea, 309 NY 605; Shire Realty Corp. v Schorr, 55 AD2d 356, 360-361 [1977]). In opposition,

Avco failed to raise a triable issue of fact. Thus, the defendant's motion should have been granted. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.