EMPLOYERS' FIRE INSURANCE COMPANY, Respondent, v ANDREW BROOKNER, Appellant, et al., Defendants. [850 NYS2d 554]—

In a subrogation action, inter alia, to recover amounts paid by the plaintiff to its insureds for property damage, the defendant Andrew Brookner appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 5,

2007, as denied that branch of his motion which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (1) and (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

The medical office of the defendant Andrew Brookner was located on the third floor of a building owned by the plaintiff's subrogor RAIA Realty Corp. (hereinafter RAIA). The other medical offices in the building sustained heavy water damage when a water hose on Brookner's surgical laser machine burst. The plaintiff insurance carrier paid the claims of its insureds, RAIA, A.E.M. Optical, Inc., doing business as Kings Highway Vision Center (the tenant of the first floor of the building; hereinafter AEM), and the principals of those two corporations, arising from the water damage.

Alexandra Etkin, the occupant of the second floor of the building, together with her husband Edward Etkin commenced an action (hereinafter the Etkin action) against Brookner, RAIA, and RAIA's principal, Akiva Mitzmacher, alleging property damage and personal injuries resulting from the water leak. The latter two defendants asserted a cross claim against Brookner, seeking indemnification or contribution. The parties subsequently reached a settlement agreement, under which Brookner was to pay the Etkins the sum of $30,000. Neither RAIA nor Mitzmacher was required to make any payment to the Etkins, and neither RAIA nor Mitzmacher recovered any money from Brookner. The parties to the Etkin action entered into a stipulation discontinuing the action, which specified that the discontinuance was "with prejudice."

The plaintiff subsequently commenced this subrogation action against Brookner and others, seeking to recover the amounts it had paid to its insureds as a result of the water damage allegedly caused by, inter alia, Brookner's negligence. Brookner moved to dismiss the complaint and all cross claims insofar as asserted against him, arguing that the instant action was barred by res judicata, based on the stipulation of discontinuance in the Etkin action, which arose from the same occurrence. In the order appealed from, the Supreme Court denied Brookner's motion. We affirm the order insofar as appealed from.

A plaintiff suing as a subrogee " 'is subject to whatever rules of estoppel would apply to the insured' " (*State Farm Mut. Auto. Ins. Co. v Polge*, 258 AD2d 911, 911 [1999], quoting *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665 [1990]). Thus, if RAIA and Mitzmacher would be barred by the doctrine

of res judicata from commencing an action against Brookner to recover for the property damage caused by his alleged negligence, then the plaintiff's subrogation action—at least to the extent that it seeks to recover amounts paid to RAIA and Mitzmacher—would likewise be barred.

A final judgment "bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). This doctrine of res judicata only bars "additional actions between the same parties on the same claims based upon the same harm" (*Matter of LaRocco v Goord*, 43 AD3d 500, 500 [2007], quoted in *City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 127-128 [2007]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 347-348). Under the circumstances presented here, the cross claim for indemnification or contribution asserted by RAIA and Mitzmacher in the Etkin action was not the "same claim" as the cause of action for property damage asserted in the plaintiff's subrogation action. Nor was the cross claim asserted in the Etkin action based upon the "same harm" as the cause of action asserted in the subrogation action; the cross claim was based on the harm suffered by the Etkins, while the plaintiff's cause of action was based on the harm suffered by its insureds. Thus, although the Etkin action and the instant action have some factual issues in common, and it would have been technically permissible for RAIA and Mitzmacher to assert, through cross claims, causes of action to recover for their own property damage in the action commenced by the Etkins (*see* CPLR 601 [b]), they were not precluded from litigating their property damage claims in a separate action (*see City of New York v Welsbach Elec. Corp.*, 9 NY3d 124 [2007]; *Xiao Yang Chen v Fischer*, 6 NY3d 94, 102 [2005]).

Moreover, when the final determination relied upon for res judicata effect is a stipulation of discontinuance, "the language 'with prejudice' is narrowly interpreted when the interests of justice, or the particular equities involved, warrant such an approach" (*Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners*, 203 AD2d 322, 323 [1994]). Here, the settlement of the Etkin action did not involve, and the stipulation of discontinuance did not mention, the cross claim for indemnification or contribution asserted by RAIA and Mitzmacher (*cf. Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292 [2005]). The most natural understanding of the phrase "with prejudice" in this case is that relitigation of the Etkins' claims would be precluded. The parties could not have reasonably intended or believed that, by settling the Etkin action for the sum of $30,000, Brookner would forever extinguish not only his liability to the Etkins, but his liability to

the occupant of the first floor (AEM), the owner of the building (RAIA), and the principals of those corporations, for the separate damages they sustained as a result of his alleged negligence.

Thus, since an action by RAIA and Mitzmacher against Brookner to recover for their property damage would not be barred by res judicata, the plaintiff's subrogation action asserting the same claims is likewise not barred. Accordingly, the Supreme Court properly denied that branch of Brookner's motion which was to dismiss the complaint insofar as asserted against him.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.