█ In the Matter of JAMES M., Appellant, v CITY OF NEW YORK POLICE DEPARTMENT, Respondent. (And a Related Proceeding.) [892 NYS2d 501]—

The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding (*see Mahler v Campagna,* 60 AD3d 1009, 1011 [2009]; *Matter of Kafka v Meadowlark Gardens Owners, Inc.,* 34 AD3d 676, 677 [2006]; *Luscher v Arrua,* 21 AD3d 1005, 1006-1007 [2005]). Here, the Supreme Court properly determined that the doctrine of res judicata precluded it from entertaining the appellant's claims. Those claims had been litigated in a prior CPLR article 78 proceeding commenced by the court-appointed guardian of the appellant's property, which was resolved by a so-ordered stipulation in which the guardian agreed to discontinue the proceeding with prejudice (*see Matter of State of New York v Seaport Manor A.C.F.,* 19 AD3d 609, 610 [2005]; *Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners,* 203 AD2d 322, 322-323 [1994]). We also note that the appellant raised certain contentions on a prior appeal in this proceeding that were rejected (*see Matter of James M.,* 275 AD2d 324 [2000]), and that the contentions he raises on the instant appeal are substantially similar to those prior contentions (*see Frankson v Brown & Williamson Tobacco Corp.,* 67 AD3d 213, 217-218 [2009]).

The appellant's remaining contentions are without merit. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.