■ PAWLING LAKE PROPERTY OWNERS ASSOCIATION, INC., Appellant, v WILLIAM GREINER et al., Respondents. [897 NYS2d 729]—

In an action, inter alia, pursuant to Not-For-Profit Corpora-

tion Law § 720 to compel the defendants to account for certain alleged misconduct, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated October 10, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground of res judicata.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the second cause of action and substituting therefor a provision granting that branch of the motion only to the extent that it seeks to recover damages allegedly incurred by the plaintiff, Pawling Lake Property Owners Association, Inc., on or before September 25, 2005, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2000 a members' derivative action (hereinafter the 2000 action) was commenced pursuant to N-PCL 623 and 720 (b) (3), on behalf of the plaintiff Pawling Lake Property Owners Association, Inc. (hereinafter the corporation), by members of the corporation against the corporation's directors and officers. The amended complaint in that action alleged, among other things, that the corporation sustained financial loss as a result of the improper transfer of certain real property, and because membership dues had been improperly assessed.

The parties to the 2000 action agreed to a stipulation of settlement in open court, pursuant to which the defendants in that action undertook to pay the sum of $90,000 to the plaintiffs in that action "in full settlement of all claims against the individual defendants arising in and out of the lawsuit." In return, the plaintiffs in the 2000 action agreed to "allow the case to be dismissed with prejudice," and promised "to no longer pursue any of the causes of action in any other lawsuits that [were] spelled out in the amend[ed] complaint." The Supreme Court "so-ordered" the stipulation on September 25, 2005.

The instant action was commenced, on behalf of the corporation, by Debra Colabatistto (hereinafter the trustee), in her capacity as one of the corporation's directors or officers (see N-PCL 720 [b] [1]; see also 102 [a] [6]). The complaint asserted two causes of action against certain other named officers and directors of the corporation. The trustee alleged that the corporation sustained financial loss due to the improper transfer of the same real property at issue in the 2000 action. The trustee also alleged that the corporation incurred damages every year because the membership dues were improperly assessed.

The defendants moved for summary judgment dismissing the

complaint on the ground that the causes of action asserted therein were barred by the doctrine of res judicata. The Supreme Court granted the motion. We modify.

"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *see Employers' Fire Ins. Co. v Brookner*, 47 AD3d 754, 756 [2008]). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other" (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 127 [2007]).

Contrary to the plaintiff's contention, in this case the identity requirement has been satisfied. Inasmuch as the relevant causes of action asserted in the 2000 action belonged to and were asserted on behalf of the corporation, the stipulation of settlement which discontinued that action with prejudice is binding on both the corporation and the trustee for purposes of res judicata analysis (*see Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 122-123 [2008], *cert denied sub nom. Cross Country Bank, Inc. v New York*, 555 US —, 129 S Ct 999 [2009]; *Parkoff v General Tel. & Elecs. Corp.*, 53 NY2d 412, 420 [1981]; *Avco Sec. Sys., Inc. v Beigel*, 29 AD3d 837, 837 [2006]; *Shire Realty Corp. v Schorr*, 55 AD2d 356, 361 [1977]; *see also* 15 NY Jur 2d, Business Relationships § 1274, at 467-468; Restatement [Second] of Judgments § 59 [2]; *cf. Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]).

"A stipulation of settlement is a contract subject to principles of contract interpretation" (*JP Morgan Chase Bank, N.A. v Cellpoint Inc.*, 54 AD3d 366, 367 [2008]). "The general rule is that a stipulation of discontinuance 'with prejudice' is afforded res judicata effect and will bar litigation of the discontinued causes of action" (*Van Hof v Town of Warwick*, 249 AD3d 382, 382 [1998]; *see* CPLR 3217). "However, the language 'with prejudice' is narrowly interpreted when the interests of justice, or the particular equities involved, warrant such an approach" (*Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners*, 203 AD2d 322, 323 [1994]; *see Mosello v First Union Bank*, 258 AD2d 631, 632 [1999]).

In the instant action, the first cause of action alleges that the corporation sustained damages as a result of the transfer of certain real property. The defendants demonstrated that this cause of action was asserted in the 2000 action and, in response, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court properly awarded summary judgment to the defendants dismissing the first cause of action as barred by the

doctrine of res judicata (*see Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]; *Southampton Acres Homeowners Assn. v Riddle*, 299 AD2d 334, 335 [2002]; *CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530, 530 [1999]).

The second cause of action in the instant action alleges damages arising out of certain assessment methods utilized by the defendants to determine members' dues. The evidence submitted by the defendants established that the plaintiffs in the 2000 action also asserted causes of action premised on this same allegation. Although the issue of improper assessment of membership dues was raised in the 2000 action, any losses occasioned by assessments made after the discontinuance of that action constitute separate injuries for which recovery could not have been obtained in the 2000 action (*see Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 122-123 [2008]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 265 [2010]; *Matter of State of New York v Seaport Manor A.C.F.*, 19 AD3d 609, 610 [2005]; *People v Court Reporting Inst.*, 245 AD2d 564, 565 [1997]). The promise made by the plaintiffs in the 2000 action to "no longer pursue any of the causes of action . . . that are spelled out in the amend[ed] complaint" does not operate to prevent the plaintiff here from asserting causes of action that accrued after the stipulation came into effect (*see Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners*, 203 AD2d 322, 323 [1994]). "Moreover, the doctrine of collateral estoppel is not applicable since the issues resolved by the stipulation of settlement were never actually litigated" (*1829 Caton Realty v Caton BMT Assoc.*, 225 AD2d 599 [1996]). Accordingly, the Supreme Court properly awarded summary judgment to the defendants dismissing the second cause of action, but only to the extent that the second cause of action seeks to recover damages incurred by the corporation on or before September 25, 2005. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.