■ Cheryl D. Uzamere, Appellant, v Ehigie Edobor Uzamere, Also Known as Godwin E. Uzamere, et al., Respondent. [933 NYS2d 336]—

The Supreme Court properly directed dismissal of the complaint based ·on the doctrine of res judicata. The plaintiff previously commenced two prior federal court actions, one in the Eastern District of New York (hereinafter the Eastern District action) and one in the Southern District of New York based on the same alleged facts that form the basis of the complaint herein. In light of authority stating that a court should apply the rules of res judicata followed in the jurisdiction that rendered the earlier court decision (*see Insurance Co. of State of Pa. v HSBC Bank USA*, 10 NY3d 32, 38 n 3 [2008], citing *Marrese v American Academy of Orthopaedic Surgeons*, 470 US 373, 380-381 [1985]; *Langerman v Langerman*, 303 NY 465, 474 [1952]; Restatement [Second] of Conflict of Laws § 95, Comment [e]), we apply federal res judicata law in determining whether the doctrine of res judicata bars this action.

"In federal court, subsequent litigation is prohibited if a prior court ruling ' "was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action" ' " (*Insurance Co. of State of Pa. v HSBC Bank USA*, 10 NY3d at 37, quoting *EDP Med. Computer Sys., Inc. v U.S.*, 480 F3d 621, 624 [2007]).

Here, the Eastern District action resulted in a dismissal of the complaint for failure to state a claim upon which relief could be granted, and that dismissal was a final adjudication on the merits by a court of competent jurisdiction (*see Federated Department Stores, Inc. v Moitie*, 452 US 394, 399 n 3 [1981]; *Angel v Bullington*, 330 US 183, 190 [1947]). Furthermore, the Eastern District action and this action involve the same parties or their privies (*see Akhenaten v Najee, LLC*, 544 F Supp 2d 320, 328-329 [2008]), and involve the same cause of action.

Specifically, the Eastern District complaint and the instant complaint arise out of the same "nucleus of operative facts" and, thus, the causes of action asserted in this litigation could have been asserted in the Eastern District action (*Waldman v Village of Kiryas Joel*, 207 F3d 105, 108 [2000]). Moreover, under the circumstances of this case, it is not clear that the Eastern District would have, as a matter of discretion, declined to exercise supplemental jurisdiction over the State law causes of action asserted herein (*see Troy v Goord*, 300 AD2d 1086 [2002]; *cf. McLearn v Cowen & Co.*, 48 NY2d 696, 698 [1979]; *Urlic v Insurance Co. of State of Penn.*, 259 AD2d 1, 4 [1999]).

In addition, the Supreme Court properly determined that the plaintiff failed to obtain personal jurisdiction over all of the defendants in the action (*see Klein v Educational Loan Servicing, LLC*, 71 AD3d 957, 958 [2010]). Angiolillo, J.P., Hall, Cohen and Miller, JJ., concur. **[Prior Case History: 28 Misc 3d 1207(A), 2010 NY Slip Op 51206(U).]**