■ RM 18 Corp. et al., Respondents-Appellants, v Bank of New York Mellon Trust Company, N.A., et al., Appellants-Respondents. [961 NYS2d 271]—

In an action, inter alia, to recover damages for breach of contract, the defendant Bank of New York Mellon Trust Company, N.A., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 3, 2011, as denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against it, the defendants Merrill Lynch & Co., Inc., Aztex Associates, L.P., Aztex Corporation, and Siltex Properties Corp. separately appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty insofar as asserted against the defendants Aztex Associates, L.P., and Aztex Corporation, and to dismiss the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against the defendants Merrill Lynch & Co., Inc., and Siltex Properties Corp., and the plaintiffs cross-appeal from so much of the same order as granted those branches of the motion of the defendant Bank of New York Mellon Trust

Company, N.A., which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, waste, breach of fiduciary duty, fraud, conspiracy to defraud, unjust enrichment, and negligence insofar as asserted against that defendant and granted those branches of the motion of the defendants Merrill Lynch & Co., Inc., Aztex Associates, L.P., Aztex Corporation, and Siltex Properties Corp. which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging waste, fraud, conspiracy to defraud, unjust enrichment, and negligence insofar as asserted against those defendants, and to dismiss the causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty insofar as asserted against the defendants Merrill Lynch & Co., Inc., and Siltex Properties Corp.

Ordered that the order is reversed insofar as appealed from by the defendant Bank of New York Mellon Trust Company, N.A., and separately appealed from by the defendants Merrill Lynch & Co., Inc., Aztex Associates, L.P., Aztex Corporation, and Siltex Properties Corp., on the law, that branch of the motion of the defendant Bank of New York Mellon Trust Company, N.A., which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against it is granted, and those branches of the motion of defendants Merrill Lynch & Co., Inc., Aztex Associates, L.P., Aztex Corporation, and Siltex Properties Corp. which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty insofar as asserted against defendants Aztex Associates, L.P., and Aztex Corporation, and to dismiss the cause of action alleging aiding and abetting breach of fiduciary duty insofar as asserted against the defendants Merrill Lynch & Co., Inc., and Siltex Properties Corp. are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Bank of New York Mellon Trust Company, N.A., and the defendants Merrill Lynch & Co., Inc., Aztex Associates, L.P., Aztex Corporation, and Siltex Properties Corp., appearing separately and filing separate briefs.

These appeals concern an ancillary issue arising from the Chapter 11 bankruptcy proceeding commenced by Kmart Corporation (hereinafter Kmart) in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Divi-

sion (hereinafter the Illinois bankruptcy court), in January 2002. Shortly after Kmart's filing, Malese 18 Corp. (hereinafter Malese) commenced a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the New York bankruptcy court), as its only assets were 18 sub-leases with Kmart as the lessee, on which Kmart had defaulted. Malese's bankruptcy proceeding was dismissed pursuant to a stipulation and order dated July 1, 2002, in which Malese agreed to pay the holder of the master lease for the 18 properties, the defendant Aztex Associates, L.P. (hereinafter Aztex Associates), the sum of approximately $1.6 million in exchange for all of Malese's stock. Additionally, the stipulation and order provided that Aztex Associates would pursue Malese's claims against Kmart, with the condition that Aztex Associates could not agree to a settlement of those claims without prior written consent of Malese's sole shareholder, the plaintiff Lawrence Kadish, which consent was not to be unreasonably withheld. Further, the stipulation and order set forth that it inured to the benefit of Kadish's other corporation, the plaintiff RM 18 Corp. (hereinafter RM 18), which held a remainder interest in the 18 properties. RM 18's remainder interest was to become possessory on January 1, 2010.

After Kmart's plan of reorganization was confirmed by the Illinois bankruptcy court, Aztex Associates and J.P. Morgan Trust Company, N.A. (hereinafter J.P. Morgan), a trustee holding mortgage liens on the subject properties, agreed to settle lease rejection claims against Kmart for the sum of approximately $17 million, which included a claim for deferred rent in the sum of approximately $4.3 million. However, Kadish refused to consent to this settlement, as he believed that the deferred rent claim had a value of at least $25 million, which sum, pursuant to the stipulation and order, would be applied to reduce the mortgage indebtedness on the properties to the benefit of the remainderman, RM 18. Thus, in an order dated June 28, 2005, the New York bankruptcy court granted the motion of Aztex Associates to reopen the Malese bankruptcy proceeding, found that it was unreasonable for Kadish to withhold his consent to the Kmart settlement, deemed his consent to be accepted, and authorized and directed Aztex Associates and J.P. Morgan to take all necessary actions to effectuate the Kmart settlement. In an order entered July 11, 2005, the Illinois bankruptcy court approved the lease rejection claims in the sum of approximately $17 million, to be satisfied in accordance with the terms of Kmart's confirmed plan of reorganization.

However, in an order dated September 26, 2006, the United

States District Court for the Eastern District of New York (hereinafter the District Court) reversed the New York bankruptcy court's June 28, 2005, order and remitted the matter for further proceedings, directing the New York bankruptcy court to make a further determination as to whether the Kmart settlement as a whole was reasonable. In an order dated April 16, 2009, made after a hearing, the New York bankruptcy court found that the Kmart settlement was reasonable and, thus, that Kadish had unreasonably withheld his consent. In an order dated March 9, 2010, the District Court dismissed RM 18's appeal from the order dated April 16, 2009, on the ground of equitable mootness. The District Court found that because Kmart had distributed stock to Aztex Associates and/or the defendant Bank of New York Mellon Trust Company, N.A. (hereinafter Mellon), J.P. Morgan's successor in interest, pursuant to its reorganization plan, and such stock had been liquidated, relief could no longer be granted to RM 18 without creating significant inequities in relation to the Kmart settlement. The District Court also noted that the failure to seek a stay in the bankruptcy proceedings demonstrated a lack of diligence on behalf of RM 18.

In September 2010, Kadish and RM 18 commenced the instant action in the Supreme Court, Nassau County, against Aztex Associates and Mellon, as well as Merrill Lynch & Co., Inc. (hereinafter Merrill Lynch), Aztex Corporation, and Siltex Properties Corp. (hereinafter Siltex), Aztex Associates' alleged alter egos. The complaint asserts 10 causes of action arising out of the settlement of the Kmart claims pursuant to the Malese stipulation and order. In essence, the plaintiffs seek to recover damages allegedly sustained by the defendants' settling of the Kmart claims for $25 million less than their value. Mellon moved, and Merrill Lynch, Aztex Associates, Aztex Corporation, and Siltex separately moved, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them on various grounds. In an order entered August 3, 2011, the Supreme Court, after rejecting the defendants' contention that they were entitled to dismissal pursuant to CPLR 3211 (a) (5) on the ground of res judicata, directed the dismissal of all causes of action insofar as asserted against Mellon, Merrill Lynch, and Siltex, except the cause of action alleging aiding and abetting breach of fiduciary duty, and directed the dismissal of all causes of action insofar as asserted against Aztex Associates and Aztex Corporation, except the causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty, for failure to state a cause of action pursuant to CPLR 3211 (a) (7). On appeal, the defend-

ants argue, inter alia, that this action is barred by the doctrine of res judicata. We conclude that the Supreme Court should have directed the dismissal of the entire complaint pursuant to CPLR 3211 (a) (5) on that ground.

In light of authority holding that a court should apply the rules of res judicata followed in the jurisdiction that rendered the earlier decision (*see Insurance Co. of State of Pa. v HSBC Bank USA*, 10 NY3d 32, 38 n 3 [2008], citing *Marrese v American Academy of Orthopaedic Surgeons*, 470 US 373, 380-381 [1985]; *Langerman v Langerman*, 303 NY 465 [1952]; Restatement [Second] of Conflict of Laws § 95, Comment *e*), we apply federal res judicata law in determining whether the doctrine of res judicata bars this action (*see Uzamere v Uzamere*, 89 AD3d 1013 [2011]; *Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258 [2010]).

Under federal res judicata law, subsequent litigation is prohibited if a prior court ruling " 'was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action' " (*EDP Med. Computer Sys., Inc. v United States*, 480 F3d 621, 624 [2d Cir 2007], quoting *In re Teltronics Servs., Inc.*, 762 F2d 185, 190 [2d Cir 1985]). This rule applies with full force to matters decided by the bankruptcy courts, including those concerning Chapter 11 reorganization (*see In re Adelphia Recovery Trust*, 634 F3d 678, 694 [2d Cir 2011]; *Sure-Snap Corp. v State St. Bank & Trust Co.*, 948 F2d 869, 873 [2d Cir 1991]). Moreover, in the bankruptcy context, the court must also consider whether an independent judgment in a separate proceeding would " 'impair, destroy, challenge, or invalidate the enforceability or effectiveness' " of the reorganization plan (*Corbett v MacDonald Moving Servs., Inc.*, 124 F3d 82, 88 [2d Cir 1997], quoting *Sure-Snap Corp. v State St. Bank & Trust Co.*, 948 F2d at 875-876).

The plaintiffs contend that there was no final judgment on the merits because the appeal from the 2009 New York bankruptcy court order was dismissed on the ground of equitable mootness. Equitable mootness is invoked to avoid disturbing a reorganization plan once implemented (*see In re Metromedia Fiber Network, Inc.*, 416 F3d 136, 144 [2005]). When a plan has been substantially consummated, an appeal should be dismissed unless several requirements, the most important of which is that the appellant sought a stay of confirmation, are satisfied (*see In re Chateaugay Corp.*, 10 F3d 944 [2d Cir 1993]).

Here, the District Court dismissed the appeal from the 2009 New York bankruptcy court order because the Kmart reorgani-

zation plan had been implemented and RM 18 had failed to seek a stay of the confirmation. Once the appeal was dismissed as moot, the 2009 New York bankruptcy court order became final (*see Miami Ctr. Ltd. Partnership v Bank of N.Y.*, 838 F2d 1547, 1557 [1988], *cert denied* 488 US 823 [1988]; *In re Public Serv. Co. of N.H.*, 148 BR 702, 711 [Bankr D NH 1992], *affd* 848 F Supp 318 [1994], *affd* 43 F3d 763 [1995], *cert denied sub nom. Rochman v Public Serv. Co. of N.H.*, 514 US 1108 [1995]). Since there was no vacatur of the 2009 New York bankruptcy court order, it has preclusive effect (*see United States v Munsingwear, Inc.*, 340 US 36 [1950]; *see also US Bancorp Mortgage Co. v Bonner Mall Partnership*, 513 US 18 [1994]). As the New York bankruptcy court determined that Kadish breached the stipulation and order by unreasonably withholding his consent, the plaintiffs may not maintain the present litigation, which challenges this final adjudication by a court of competent jurisdiction (*see Allen v McCurry*, 449 US 90, 94 [1980]; *Corbett v MacDonald Moving Servs., Inc.*, 124 F3d at 91).

In light of our determination, we need not address the parties' remaining contentions. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.