— In an action, inter alia, for the return of an engagement ring, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), dated September 14, 2015, as, upon the granting of the defendant’s motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the cause of action seeking the return of an engagement ring, is in favor of the defendant and against him dismissing that cause of action, and the defendant cross-appeals from so much of the same judgment as dismissed her counterclaims.
 

 Ordered that the cross appeal is dismissed as abandoned; and it is further,
 

 Ordered that the judgment is reversed insofar as appealed from, .on the law, the defendant’s motion pursuant to CPLR 4401 is denied, the cause of action for the return of an engagement ring is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on that cause of action and the entry of an appropriate amended judgment thereafter; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The plaintiff’s motion for leave to amend the complaint was properly denied as barred by the doctrine of res judicata (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Dolitsky’s Dry Cleaners v YL Jericho Dry Cleaners, 203 AD2d 322, 322-323 [1994]).
 

 However, the Supreme Court erred in granting the defendant’s motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the cause of action for the return of an engagement ring. Viewing the evidence in the light most favorable to the plaintiff, and resolving credibility issues in his favor, there was a rational process by which the trier of fact could find that, at a time that neither party was under an impediment to marry, the plaintiff gave the defendant the ring at issue in contemplation of a marriage which did not occur (see Lipschutz v Kiderman, 76 AD3d 178, 183 [2010]). As such, the cause of action for the return of the engagement ring should not have been dismissed.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.