Ali-Choudhury v Vartia (2020 NY Slip Op 07526)





Ali-Choudhury v Vartia


2020 NY Slip Op 07526


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-14538
 (Index No. 713090/16)

[*1]Lefea Ali-Choudhury, et al., plaintiffs, Kamal Choudhury, appellant, 
v
Amarjeet Vartia, respondent, et al., defendant.


DePaola Valdes, LLP, New York, NY (Joseph P. DePaola of counsel), for appellant.
Morris, Duffy, Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Kamal Choudhury appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered November 8, 2018. The order granted the motion of the defendant Amarjeet Vartia for leave to reargue his opposition to that branch of the motion of the plaintiff Lefea Ali-Choudhury, joined by the plaintiffs Kamal Choudhury, Mamunar Rashid Chowdhury, and Kazi Momena Khatoon, which was to preclude the defendant Amarjeet Vartia from testifying at deposition and trial that he was not personally involved in the subject accident, which had been granted in an order of the same court dated May 2, 2018, and, upon reargument, in effect, vacated the determination in the order dated May 2, 2018, granting that branch of the motion of the plaintiff Lefea Ali-Choudhury and thereupon denied that branch of the motion.
ORDERED that the order entered November 8, 2018, is affirmed, with costs.
Allstate Insurance Company (hereinafter Allstate) commenced a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits arising from a motor vehicle accident that occurred on May 29, 2015. A framed-issue hearing was held to determine whether a vehicle owned by Amarjeet Vartia (hereinafter the defendant) and insured by GEICO General Insurance Company (hereinafter GEICO) was the offending vehicle in the hit-and-run accident. The defendant failed to appear at the hearing. In an order dated November 22, 2016, the Supreme Court granted Allstate's petition to permanently stay arbitration upon finding that the vehicle owned by the defendant and insured by GEICO was involved in the accident.
The plaintiffs commenced the instant action to recover damages for personal injuries they each allegedly sustained in the same accident. The plaintiff Lefea Ali-Choudhury moved, inter alia, to preclude the defendant from testifying at deposition and trial that he, personally, and his vehicle were not involved in the accident, and the plaintiffs Kamal Choudhury, Mamunar Rashid Chowdhury, and Kazi Momena Khatoon joined in the motion. In an order dated May 2, 2018, the Supreme Court, inter alia, granted that branch of the motion which was to preclude the defendant from testifying at deposition and trial that he, personally, and his vehicle were not involved in the accident.
The defendant thereafter moved for leave to reargue his opposition to that branch of Ali-Choudhury's motion which was to preclude his testimony that he was not personally involved [*2]in the accident. In an order entered November 8, 2018, the Supreme Court granted leave to reargue and, upon reargument, denied that branch of Ali-Choudhury's motion which was to preclude the defendant's testimony that he was not personally involved in the accident. Kamal Choudhury (hereinafter the appellant) appeals.
"The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (Matter of James M. v City of N.Y. Police Dept., 69 AD3d 634, 635). Under the related doctrine of collateral estoppel, relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action is precluded provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (see Capellupo v Nassau Health Care Corp., 97 AD3d 619, 621; Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258, 263).
Here, contrary to the appellant's contention, in the CPLR article 75 proceeding, the Supreme Court did not find that the defendant was driving his vehicle at the time of the accident. Rather, the court solely found that the defendant's vehicle was involved in the accident. Thus, there was a failure to establish identity of the issues, and issue preclusion does not apply (see Deutsche Bank Natl. Trust Co. v Murray, 176 AD3d 1172, 1175; 23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp., 172 AD3d 964, 967; McMann v McMann, 168 AD3d 923, 924-925). Likewise, the doctrine of res judicata, or claim preclusion, also is inapplicable, as the instant claims did not need to be resolved in the CPLR article 75 proceeding (see Kudla v Kudla, 173 AD3d 1149, 1151; Shortt v City of New York, 173 AD3d 925, 927).
Accordingly, we agree with the Supreme Court's determination to grant leave to reargue and, upon reargument, to deny that branch of Ali-Choudhury's motion which was to preclude the defendant from testifying that he was not personally involved in the accident.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court