Uzamere v Hochul (2025 NY Slip Op 04124)

Uzamere v Hochul

2025 NY Slip Op 04124

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-23-1021
[*1]Cheryl D. Uzamere, Appellant,
v
Kathy Hochul, as Governor of New York, et al., Respondents, et al., Defendants.

Calendar Date:May 29, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ.

Cheryl D. Uzamere, Brooklyn, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for Kathy Hochul and others, respondents.
Muriel Goode-Trufant, Corporation Counsel, New York City (Philip W. Young of counsel), for City of New York and others, respondents.
David Rohde, New York City Housing Authority, New York City (Seth E. Kramer of counsel), for New York City Housing Authority and another, respondents.
Faegre Drinker Biddle & Reath LLP, New York City (Andrew B. Joseph of counsel), for AT & T Mobility, LLC, respondent.
Garfunkel Wild, PC, Great Neck (Michael J. Keane Jr. of counsel), for Brookdale University Hospital Medical Center and another, respondents.

Appeal from an order of the Supreme Court (Mark Powers, J.), entered May 31, 2023 in Albany County, which, among other things, granted certain defendants' motions to dismiss the amended complaint against them.
The allegations underlying this action involve plaintiff's 1979 marriage and her husband's abandonment of her shortly thereafter. According to plaintiff, after she signed an immigration sponsorship form to enable her husband, then a Nigerian citizen, to obtain lawful residence in the United States, he abandoned her while she was pregnant with his child. She alleges that she filed a complaint with the US Immigration and Naturalization Service following the abandonment, to no avail. It appears that plaintiff later became homeless and placed the child of the marriage in foster care, along with another child. She alleges that she was ultimately able to regain custody of those children, but not before serious harm befell them while in the State's care. In 2003, an attorney contacted plaintiff on behalf of her husband in an attempt to terminate the marriage, allegedly because he had remarried in Nigeria. In 2007, plaintiff commenced a divorce action against her estranged husband. Although she was granted a divorce, her requests for spousal support and a distributive award were denied, as was her request for child support for the child of the marriage, who was by then an adult (C.U. v E.U., 26 Misc 3d 1235[A], 2010 NY Slip Op 50405[U], *1-2 [Sup Ct, Kings County 2010], citing Uzamere v Uzamere, 68 AD3d 855, 855 [2d Dept 2009]).
As has been well summarized by other courts, plaintiff has engaged in considerable litigation since 2003, escalating after the matrimonial action, all of which has been aimed at exposing an alleged conspiracy to prevent her from obtaining spousal and child support (see e.g. Uzamere v Gregg, 2025 WL 1147742, *2-3, *3 n 4, 2025 US Dist LEXIS 74154, *4-6, *6 n 4 [ND NY, Mar. 31, 2025, No. 1:25-CV-0024 (AJB/PJE)], adopted by 2025 WL 1134615, 2025 US Dist LEXIS 73022 [ND NY, Apr. 17, 2025]; Uzamere v Uzamere, 28 Misc 3d 1207[A], 2010 NY Slip Op 51206[U], *3-6 [Sup Ct, Kings County 2010], affd 89 AD3d 1013 [2d Dept 2011]). Centered on her estranged husband's allegedly fraudulent immigration and certain acts by his immigration attorneys, that conspiracy now expands to countless judges, officials and others. Because her many actions and proceedings have rested upon the same allegations, several courts have imposed filing bars requiring plaintiff to obtain permission before commencing litigation regarding these underlying subjects (see e.g. Uzamere v State of New York, Ct Cl, Aug. 8, 2023, McCarthy, J., claim No. 138655, at 5; Uzamere v Uzamere, 2022 WL 17718555, *2, 2022 US Dist LEXIS 227100, *4-5 [ED NY, Dec. 15, 2022, No. 22-CV-4876 (LDH/LB)]; Uzamere v Uzamere, 2010 NY Slip Op 51206[U], *8-11).
In 2023, plaintiff commenced the instant action, setting forth 11 causes of action against 137 defendants in a 175-page amended complaint [*2]with thousands of pages of exhibits, ranging from violation of the state's antitrust law to intentional infliction of emotional distress. Various defendants filed pre-answer motions to dismiss the amended complaint, including for plaintiff's failure to obtain the required permission prior to filing, lack of personal jurisdiction and failure to state a cause of action. Supreme Court agreed that appropriate permission had not been obtained and dismissed the amended complaint as to certain defendants on that basis (see generally Uzamere v Uzamere, 2010 NY Slip Op 51206[U], *11). The court then further dismissed the amended complaint as against all defendants on the grounds that plaintiff's service failed to comply with either CPLR 308 or 312-a and that her factual allegations were baseless and inherently incredible. The court also imposed an additional bar upon plaintiff, prohibiting her from commencing any future action without specified approval. Plaintiff appeals.
Upon appeal, plaintiff largely reiterates her claims of conspiracy, now adding Supreme Court and its staff to her theory. In both her briefs and at oral argument, plaintiff has made no attempt to demonstrate how her many causes of action are properly pleaded, or to even acknowledge the court's holding on that basis (see CPLR 3211 [a] [7]). In light of this failure to challenge a holding dispositive as to all defendants, there is no basis for reversal before us (see Matter of Morris v New York State Police, 233 AD3d 1415, 1417 [3d Dept 2024]; Matter of Kurbatsky v International Conference of Funeral Serv. Examining Bds., 162 AD3d 1379, 1380 [3d Dept 2018]). For the same reason, plaintiff's other appellate arguments have been rendered academic (see Matter of Morris v New York State Police, 233 AD3d at 1417-1418). Noting that no challenge has been made to the filing bar imposed by the subject order, we affirm.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.