■ SUNSHINE CHEMICAL CORPORATION, Appellant, v DYNA-COOL AIR CONDITIONING & HEATING CO., INC., Respondent. (And a Third-Party Action.) —Appeal by plaintiff from an order and judgment (one paper) of the Supreme Court, Nassau County, entered September 25, 1978, which granted defendant's motion for summary judgment, dismissed the complaint and awarded defendant judgment on its counterclaims for breach of contract and the reasonable value of services rendered. Order and judgment modified, on the law, by (1) adding to the first decretal paragraph thereof, immediately after the word "granted", the following, "except as to the first and second counterclaims, as to which the motion is denied" and (2) deleting the third decretal paragraph thereof. As so modified, order and judgment affirmed, without costs or disbursements. The existing order of preclusion does not relieve defendant of its obligation to establish a prima facie case on its counterclaims, and does not preclude plaintiff from asserting defenses to the counterclaims. Hopkins, J. P., Suozzi, Cohalan and Margett, JJ., concur.

■ In the Matter of ROBERT HIRSCH, Respondent, v VIRGINIA FORMATO, as Clerk of the District Court of the County of Nassau, Third District, Great Neck Part, Appellant.—In a proceeding pursuant to CPLR article 78 to compel Virginia Formato, the Clerk of the District Court, Nassau County, Third District, Great Neck Part, to enter a default judgment in an action pending in that court, in which the petitioner herein is the plaintiff, Ms. Formato appeals from a judgment of the Supreme Court, Nassau County, entered October 31, 1978, which (1) denied her motion to dismiss the proceeding and (2) directed her to enter the default judgment. Judgment reversed, on the law, with $50 costs and disbursements and proceeding dismissed. The appellant's letter of refusal dated February 1, 1978 commenced the running of the four-month Statute of Limitations thus rendering this CPLR article 78 proceeding untimely. We reach no other issue. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.