■ Aryeh Gutman, Respondent, v A to Z Holding Corp. et al., Appellants. [936 NYS2d 316]—

In an order dated June 6, 2002, the Supreme Court directed the conditional dismissal of the complaint unless the plaintiff complied with the defendants' outstanding discovery demands on or before June 20, 2002, and appeared for the continuation of his deposition on July 2, 2002, and July 3, 2002. It is undisputed that the plaintiff failed to appear for the continuation of his deposition on those days. By order dated December 6, 2002, the Supreme Court granted the defendants' motion to

dismiss the complaint and to strike the reply to the defendants' counterclaims.

The plaintiff moved, inter alia, for leave to renew its opposition to the defendants' motion to dismiss the complaint and to strike the reply to the counterclaims. The plaintiff claimed that the defaults were attributable entirely to his former counsel James Klatsky, who had not informed him of any of the court orders, or any directive to attend the June 6, 2002, conference, or the directive to appear on July 2, 2002, and July 3, 2002, for the continuation of his deposition on penalty of dismissal. The plaintiff also claimed that Klatsky, without the plaintiff's knowledge or consent, told the court and the defendants' counsel that the plaintiff could not attend the July 2, 2002, continuation of his deposition because the plaintiff was testifying in another matter. The Supreme Court, in effect, granted leave to renew, and, upon renewal, vacated the determination in the order dated December 6, 2002, and reinstated the complaint and the reply to the counterclaims on the condition that the plaintiff pay the sum of $5,000 to the defendants.

Upon the plaintiff's failure to comply with the conditional order of dismissal entered June 6, 2002, the order became absolute (*see Matter of Denton v City of Mount Vernon*, 30 AD3d 600 [2006]). Thus, in opposing the defendants' motion to dismiss the complaint and to strike the reply to the counterclaims, the plaintiff was required to demonstrate that he had a reasonable excuse for the default and a potentially meritorious cause of action.

The plaintiff failed to establish a reasonable excuse for his defaults. The defaults on the part of the plaintiff's former attorney Klatsky are imputed to the plaintiff despite Klatsky's alleged failure to inform the plaintiff of the outstanding discovery issues and the court's conditional order of dismissal (*see Greenwald v Zyvith*, 23 AD2d 201 [1965]). "When a default results not from an isolated, inadvertent mistake, but from repeated neglect, as here, there is no requirement that the court grant the requested relief" (*Chery v Anthony*, 156 AD2d 414, 417 [1989]). Accordingly, it was an improvident exercise of discretion for the Supreme Court to vacate the determination in the December 6, 2002, order granting the defendants' motion to dismiss the complaint and the reply to the counterclaims and to reinstate the complaint and the reply (*see Matter of Denton v City of Mount Vernon*, 30 AD3d at 600; *see also Ragubir v 44 Ct. St., LLC*, 60 AD3d 833 [2009]).

The defendants' remaining contentions are either not properly before this Court or without merit. Mastro, A.P.J., Eng, Belen and Hall, JJ., concur.