In an action, inter alia, to recover damages for breach of *595 contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 22, 2011, as denied that branch of their motion which was to vacate a judgment of the same court dated November 26, 2010, entered, in effect, upon their default in opposing the plaintiffs motion pursuant to CPLR 3126, among other things, to preclude them from presenting evidence at trial, and upon their default in opposing the plaintiffs motion for summary judgment on the complaint, which is in favor of the plaintiff and against them in the principal sum of $111,745.50.
Ordered that the order is affirmed insofar as appealed from, with costs.
To prevail on that branch of their motion which was to vacate the judgment entered upon their defaults, the defendants were required to demonstrate both a reasonable excuse for the defaults and the existence of a potentially meritorious defense (see CPLR 5015 [a]; People’s United, Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286 [2012]; Canty v Gregory, 37 AD3d 508, 508 [2007]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (see Morales v Perfect Dental, P.C., 73 AD3d 877, 878 [2010]), and in exercising that discretion, the court may accept law office failure as an excuse (see CPLR 2005; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903, 904 [2008]). However, law office failure should not be excused where “ ‘a default results not from an isolated, inadvertent mistake, but from repeated neglect’ ” (Gutman v A to Z Holding Corp., 91 AD3d 718, 719 [2012], quoting Chery v Anthony, 156 AD2d 414, 417 [1989]), or where allegations of law office failure are vague, conclusory, and unsubstantiated (see Cantor v Flores, 94 AD3d 936, 936-937 [2012]; see Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d at 904).
Here, the defendants failed to establish a reasonable excuse for their repeated defaults (see Gutman v A to Z Holding Corp., 91 AD3d at 719; North Fork Bank v Martin, 257 AD2d 613, 613 [1999]; Roussodimou v Zafiriadis, 238 AD2d 568, 569 [1997]; Chery v Anthony, 156 AD2d at 417; see also Bank of N.Y. v Lagakos, 27 AD3d 678, 678 [2006]; Fischman v Gilmore, 246 AD2d 508, 508 [1998]; Morel v Clacherty, 186 AD2d 638, 639 [1992]).
The defendants’ remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendants’ motion which was to vacate the judgment entered upon their defaults, which is in favor of the plaintiff and against them in the *596 principal sum of $111,745.50. Eng, EJ., Florio, Sgroi and Miller, JJ., concur.