ZALMAN KLEIN, Individually and Derivatively on Behalf of 185 MARCY CORP., Appellant-Respondent, v MENACHEM GUTMAN et al., Respondents-Appellants. [994 NYS2d 654]—

In an action, inter alia, to recover damages for breach of fiduciary duty and conversion, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 7, 2012, as denied his cross motion for summary judgment on the complaint, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was to dismiss the complaint as barred by the doctrine of res judicata.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Zalman Klein and Aryeh Gutman are former business partners who, for over two decades, invested in, developed, and sold real properties. Klein and Gutman divided up the day-to-day management of various companies that they jointly owned. On December 30, 1999, Gutman commenced an action in the Supreme Court, Kings County, against Klein and three of the companies that they jointly owned: A to Z Holding Corp., A to Z Capital Corp., and Washington Greene Associates (hereinafter the A to Z action). The facts relating to the A to Z action are set forth in the companion appeal entitled *Gutman v A to Z Holding Corp.*, 121 AD3d 850 [2014] [decided herewith]).

On or about November 28, 2001, Klein individually and on behalf of 185 Marcy Corp., commenced this action against Gutman and others to recover damages for, among other things, breach of fiduciary duty and conversion, and to impose a constructive trust with respect to the assets of 185 Marcy Corp. (hereinafter the instant action). Klein asserted that Gutman caused the principal asset belonging to 185 Marcy Corp., real property located at 185 Marcy Avenue, to be sold without authority or consideration, and that Gutman took out a mortgage on that property and diverted some of the proceeds from that mortgage to a company that Klein had no interest in, i.e., Central Equities Credit Corp. Gutman denied all of the material allegations of the complaint and asserted certain affirmative defenses.

On or about April 1, 2003, Gutman commenced an action against Klein and others in the United States District Court, Eastern District of New York (hereinafter Gutman's federal action). Gutman alleged numerous violations of the Racketeer

Influenced and Corrupt Organizations Act (hereinafter RICO) and pendent state common-law claims, including breach of fiduciary duty, derivative claims, and unjust enrichment. He also sought an accounting, imposition of a constructive trust, and a declaratory judgment. The parties subsequently entered into a stipulation in the federal action, which was so ordered on September 25, 2003, staying the action in an effort to pursue a global settlement of all matters. A stay was also issued in the instant action.

Due to the stays, Klein did not file an answer in the Gutman federal action, but when global settlement proved unsuccessful, the federal court stay was eventually lifted by order dated July 21, 2010, indicating, inter alia, that the defendants could seek to revive their pending state law claims in state court if the state court granted them relief from the state court stay. The state court stay was also lifted and that action proceeded.

On May 31, 2011, an amended final judgment of default and permanent injunction was entered against Klein in Gutman's federal action based on spoliation of evidence relating to the production of a laptop computer for inspection.

On or about May 12, 2011, Klein and others had commenced a federal action against Gutman and 44 other defendants, alleging RICO claims and pendent state common-law claims for, among other things, breach of fiduciary duty and conversion (hereinafter Klein's federal action). However, Klein voluntarily discontinued this action with prejudice on or about June 7, 2011.

The defendants first argue on their cross appeal that the judgment of default entered against Klein in Gutman's federal action requires the dismissal of the instant action on the ground that it is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action involving the parties to a litigation and those in privity with them" (*Luscher v Arrua*, 21 AD3d 1005, 1006 [2005]). The doctrine of res judicata operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding (*see Valenti v Clocktower Plaza Props., Ltd.*, 118 AD3d 776 [2014]).

The defendants argue, inter alia, that the instant action is barred by the doctrine of res judicata because the Gutman federal action, which resulted in a default judgment against

Klein, and the instant action relate to the prior longstanding business relationship between Gutman and Klein. However, the defendants failed to establish that the issues raised here arose out of the same transaction or series of transactions as Gutman's federal action or were fully and fairly litigated in Gutman's federal action. Gutman alleged in his federal action that Klein (and others) committed RICO violations with the intention of defrauding Gutman, A to Z Holding Corp., A to Z Capital Corp., Paz Franklin Company, and Washington Greene Associates. By contrast, the instant action was commenced by Klein individually and on behalf of 185 Marcy Corp. against Gutman and others alleging that Gutman borrowed the sum of $3,937,000, and caused 185 Marcy Corp. to execute a note and mortgage, disbursed the sum of $1,040,000 of the mortgage proceeds to Central Equities, a corporation in which Klein has no interest, without any consideration being exchanged, and transferred the principal asset of 185 Marcy Corp., a parcel of commercial real estate located at 185 Marcy Avenue, to 185 Marcy, LLC, a company whose principal and managing agent was Gutman's son. In addition, Klein did not interpose any counterclaims against Gutman in Gutman's federal action since, before his time to answer had expired, the parties entered into a stipulation to stay all pending actions for the purpose of pursuing a potential global settlement of all of the claims Gutman and Klein had against each other. Furthermore, the amended judgment in Gutman's federal action awarded judgment against the Klein defendants in favor of A to Z Capital Corp., A to Z Holding Corp., and Washington Greene Associates, but not in favor of Gutman individually. Therefore, the amended judgment entered in Gutman's federal action against Klein cannot operate as a res judicata bar to the litigation of the instant action, since the two actions do not rest "on the same claims based upon the same harm" (*Employers' Fire Ins. Co. v Brookner*, 47 AD3d 754, 756 [2008] [internal quotation marks omitted]).

The defendants' alternate argument that Klein's voluntary dismissal of his federal action with prejudice requires dismissal of the instant action based upon the doctrine of res judicata must similarly be rejected. "A stipulation of discontinuance with prejudice has the same preclusive effect as a judgment on the merits" (*Schwartzreich v E.P.C. Carting Co.*, 246 AD2d 439, 441 [1998]). "The general rule is that a stipulation of discontinuance with prejudice is afforded res judicata effect and will bar litigation of the discontinued causes of action" (*Pawling Lake Prop. Owners Assn., Inc. v Greiner*, 72 AD3d 665, 667 [2010] [internal quotation marks omitted]). But the language "with prejudice" is narrowly interpreted when the interests of

justice or the particular equities involved warrant such an approach (*id.*).

As the Supreme Court found, the gravamen of Klein's federal complaint was civil RICO claims. The complaint in the instant action, however, does not allege that Gutman violated a substantive RICO statute (*see Maersk, Inc. v Neewra, Inc.*, 687 F Supp 2d 300, 330 [SD NY 2009], *affd sub nom. Maersk, Inc. v Sahni*, 450 Fed App 3 [2d Cir 2011]). "[E]stablishing a RICO violation requires more than proof of common-law fraud or conspiracy to defraud" (*id.* at 331; *see Cofacredit, S.A. v Windsor Plumbing Supply Co., Inc.*, 187 F3d 229, 242 [2d Cir 1999]; *Gross v Waywell*, 628 F Supp 2d 475, 488 [SD NY 2009]; *Schmidt v Fleet Bank*, 16 F Supp 2d 340, 346 [SD NY 1998]). Furthermore, the particular equities involved require that the phrase "with prejudice" in the stipulation of discontinuance be narrowly construed so as not to bar the continued litigation of the instant action (*see Hamptons Locations, Inc. v Rubens*, 2005 WL 2436209, 2005 US Dist LEXIS 43888 [ED NY, Sept. 30, 2005, No. 01-CV-5477 (DRH) (WDW)]). The record demonstrates that the instant action continued to be actively litigated contemporaneously with the voluntary discontinuance of Klein's federal action. The record supports a determination that Klein never abandoned litigation of his state action and that Gutman was aware of this fact. Accordingly, the Supreme Court properly determined that the voluntary discontinuance with prejudice by Klein of his federal action did not operate as a res judicata bar to the litigation of his instant action.

On Klein's appeal, he argues that the Supreme Court erred in denying his cross motion for summary judgment on the complaint, since Gutman was precluded from defending against the counterclaims in the A to Z action. Klein's counterclaims in the A to Z action were identical to the claims asserted in the instant action. Klein contends that the judgment entered in the A to Z action on the counterclaims in his favor and against Gutman has res judicata effect on the identical causes of action asserted in his state action, thereby entitling him to summary judgment.

The Supreme Court properly denied Klein's cross motion for summary judgment on the complaint. The judgment in the A to Z action upon which Klein relies to justify the grant of summary judgment in his favor was vacated by the Supreme Court to the extent that the judgment constituted a disposition on the merits of the counterclaims and was dispositive of the merits of this action. The vacatur of that portion of the judgment in the A to Z action was affirmed by this Court on a companion appeal

decided herewith (*see Gutman v A to Z Holding Corp.*, 121 AD3d 850 [2014]). Moreover, although the Supreme Court precluded Gutman from offering evidence on Klein's counterclaims in the A to Z action (*see id.*), the order of preclusion does not relieve Klein of his obligation to establish a prima facie case on his counterclaims in the A to Z action (*see Sunshine Chem. Corp. v Dyna-Cool A.C. & Heating Co.*, 69 AD2d 818 [1979]; *see also Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 6 [2011]). Those counterclaims are the same claims Klein asserts in the instant action, and he has failed to make a prima facie case.

The parties' remaining contentions are either not properly before this Court or without merit. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.