■ Aryeh Gutman, Respondent, v A to Z Holding Corp. et al., Respondents, and Zalman Klein, Appellant. [995 NYS2d 575]—

In an action, inter alia, to recover damages for breach of fiduciary duty and for an accounting, the defendant Zalman Klein appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 7, 2012, as granted, in effect, that branch of the plaintiff's motion which was to vacate a judgment of the same court dated March 28, 2012, only to the extent that the judgment constituted a disposition on the merits of the counterclaims and was dispositive of the merits of a related action entitled *Klein v Gutman*, commenced under Kings County index No. 47485/01.

Ordered that the order dated December 7, 2012, is affirmed insofar as appealed from, with costs.

On December 30, 1999, the plaintiff, Aryeh Gutman, commenced this action in the Supreme Court against the defendant Zalman Klein and three of the companies that Gutman and Klein jointly owned: A to Z Holding Corp., A to Z Capital Corp., and Washington Greene Associates. Gutman alleged that Klein failed and refused to pay him his share of the income generated from the three companies, sold properties owned by the three companies unbeknownst to him, failed to give him his share of the proceeds of such sales, and breached his fiduciary duties to him by failing to keep him abreast of the business affairs of the three companies. The defendants submitted an answer denying the material allegations of the complaint and asserting counterclaims against Gutman, alleging that Gutman misappropriated the assets of 11 different companies, including a company named 185 Marcy Corp., which were also jointly owned by Gutman and Klein.

By order dated December 6, 2002, the Supreme Court, in effect, granted the defendants' motion to dismiss the complaint, to strike the reply to the counterclaims, and to preclude Gutman from offering any evidence at trial on the issue of the counterclaims. Gutman moved, among other things, for leave to renew his opposition to the defendants' motion. By order dated August 7, 2003, the Supreme Court, upon renewal, vacated the determination in the order dated December 6, 2002, and, thereupon, denied the defendants' motion and reinstated the complaint and the reply to the counterclaims on the condition that Gutman pay the sum of $5,000 to the defendants. The defendants appealed from the order dated August 7, 2003, and by decision and order dated January 17, 2012, this Court modified

that order by deleting the provisions thereof challenged by the defendants, and substituting therefor a provision, upon renewal, adhering to the determination in the order dated December 6, 2002, granting the defendants' motion (*see Gutman v A to Z Holding Corp.*, 91 AD3d 718, 718 [2012]).

A judgment dated March 28, 2012, was entered upon this Court's decision and order dated January 17, 2012, which (1) dismissed the complaint on the merits; (2) awarded damages to Klein on the first counterclaim, alleging fraud, with the amount to be determined at an inquest; (3) awarded judgment in favor of Klein on the second counterclaim, and directing Gutman to provide an accounting of the assets of several corporate entities; (4) awarded judgment to Klein declaring the extent of his ownership interest in several corporate entities, with the percentage of such interest to be determined after a hearing; and (5) permanently enjoined Gutman from transferring or encumbering any interest in property belonging to the corporate entities listed in the judgment.

Gutman moved, inter alia, to vacate the judgment. In the order appealed from dated December 7, 2012, the Supreme Court granted that branch of Gutman's motion which was to vacate the judgment only to the extent that the judgment constituted a disposition on the merits of the counterclaims and was dispositive of a related action entitled *Klein v Gutman*, which is at issue in a companion appeal (*see Klein v Gutman*, 121 AD3d 859 [2014]). Klein appeals.

Under the circumstances of this case, the Supreme Court properly granted that branch of Gutman's motion which was to vacate the judgment only to the extent that the judgment could be interpreted as a judgment on the merits of the counterclaims, or as dispositive of the action in the companion appeal entitled *Klein v Gutman* (*see id.*). As the Supreme Court correctly reasoned, this Court's decision and order dated January 17, 2012, did not determine that the striking of Gutman's reply constituted a judgment on the merits of the counterclaims. Indeed, this Court did not address the merits of the counterclaims, or any potential defense to the counterclaims, as it was unnecessary to do so (*see Gutman v A to Z Holding Corp.*, 91 AD3d at 719). Klein's counterclaims in the instant action are asserted by him as claims in the companion appeal entitled *Klein v Gutman*. Therefore, this Court's decision and order dated January 17, 2012, does not constitute a judgment on the merits of the counterclaims, and is not dispositive of the action in *Klein v Gutman*.

Since the order dated August 7, 2003, did not mention the

portion of the order dated December 6, 2002, precluding Gutman from offering any evidence at trial on the issue of the counterclaims, and neither party made any arguments with respect to preclusion in the prior appeal, this Court did not reference any order of preclusion in its decision and order dated January 17, 2012. Instead, upon finding that it was an improvident exercise of discretion for the Supreme Court to vacate the determination in the order dated December 6, 2002, this Court adhered to the determination in that order, which necessarily included the provision precluding Gutman from offering any evidence at trial on the issue of the counterclaims (*see Gutman v A to Z Holding Corp.*, 91 AD3d at 718).

The portion of the order dated December 6, 2002, precluding Gutman from offering any evidence at trial on the issue of the counterclaims, however, does not relieve Klein of his obligation to establish a prima facie case on the counterclaims (*see Sunshine Chem. Corp. v Dyna-Cool A.C. & Heating Co.*, 69 AD2d 818 [1979]; *see also Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 6 [2011]). In support of his proposed judgment, Klein merely submitted an affirmation indicating that he owned certain percentages in the entities listed in the counterclaims, which was insufficient to establish a prima facie case on the counterclaims. If, at trial, Klein presents evidence sufficient to establish a prima facie case on the counterclaims, the preclusion aspect of the order dated December 6, 2002, simply means that Gutman may not offer any evidence in opposition.

Accordingly, the Supreme Court properly granted that branch of Gutman's motion which was to vacate the judgment to the extent indicated herein. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.