Stern v Pitts Mgt. Assoc., Inc. (2023 NY Slip Op 01541)

Stern v Pitts Mgt. Assoc., Inc.

2023 NY Slip Op 01541

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-00028
 (Index No. 504527/19)

[*1]Goldy Stern, respondent, 
v
Pitts Management Associates, Inc., defendant, John Dooley, appellant.

Meyers Tersigni Feldman & Gray, LLP, New York, NY (Andrea Tersigni and Anthony L. Tersigni of counsel), for appellant.
Mirer Mazzocchi & Julien, PLLC, New York, NY (Jeanne E. Mirer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of religion in violation of the New York City Human Rights Law, the defendant John Dooley appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 18, 2019. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff previously commenced an action against the defendant John Dooley, among others, in the United States District Court for the Eastern District of New York, inter alia, to recover damages for employment discrimination. Dooley moved pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted. The District Court granted Dooley's motion, declined to exercise supplemental jurisdiction over the state law claims against Dooley, and dismissed the claims against Dooley without prejudice.
The plaintiff subsequently commenced this action against Dooley and Pitts Management Associates, Inc., in the Supreme Court, Kings County. The plaintiff asserted three causes of action against the defendants: (1) religious discrimination in violation of the New York City Human Rights Law (hereinafter NYCHRL) (see Administrative Code of City of NY § 8-107), (2) unlawful retaliation in violation of the NYCHRL, and (3) fraudulent inducement. Dooley moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, arguing that this action was barred by the doctrines of res judicata and collateral estoppel and that the complaint failed to state a cause of action. The Supreme Court denied Dooley's motion, and Dooley appeals.
"As the United States Supreme Court has instructed, the preclusive effect of a federal-court judgment on a subsequent state court action is determined by federal common law" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 69 [brackets and internal quotation marks omitted]). Under federal common law, dismissals for failure to state a claim "are generally with prejudice" (Miller v Brightstar Asia, Ltd., 43 F4th 112, 126 [2d Cir] [internal [*2]quotation marks omitted]; see Fed Rules Civ Pro rule 41[b]). "It is nevertheless permissible to dismiss for failure to state a claim without prejudice" (Miller v Brightstar Asia, Ltd., 43 F4th at 126). While "a dismissal with prejudice is a ruling on the merits that precludes a plaintiff from relitigating—in any court, ever again—any claim encompassed by the suit," a dismissal without prejudice "does not preclude another action on the same claims" (Harty v West Point Realty, Inc., 28 F4th 435, 445 [internal quotation marks omitted]).
Here, because the District Court's dismissal of the federal action insofar as it was asserted against Dooley was without prejudice, that dismissal has no preclusive effect (see id.; Purdy v Zeldes, 337 F3d 253, 258 [2d Cir]; Chappelle v Beacon Communications Corp., 84 F3d 652, 654 [2d Cir]). Accordingly, contrary to Dooley's contention, the instant action is not barred by the doctrines of res judicata or collateral estoppel, and therefore was not subject to dismissal pursuant to CPLR 3211(a)(5).
Dooley further contends that the cause of action alleging fraudulent inducement should have been dismissed on the additional ground that it failed to state a cause of action. Contrary to Dooley's contentions, this cause of action was not duplicative of the discrimination cause of action, since it arose from different facts and alleged distinct damages (see Slocum Realty Corp. v Schlesinger, 162 AD3d 939, 944), was not based merely on an allegation that Dooley "entered into a contract while lacking the intent to perform it" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318), since the plaintiff did not allege that she and Dooley were parties to a contract, and was pleaded with sufficient particularity (see CPLR 3016[b]; Berkovits v Berkovits, 190 AD3d 911, 915). Thus, the cause of action alleging fraudulent inducement was not subject to dismissal pursuant to CPLR 3211(a)(7).
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court