Busher v Barry (2024 NY Slip Op 00292)

Busher v Barry

2024 NY Slip Op 00292

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-04881
 (Index No. 52913/21)

[*1]Meredith Busher, etc., et al., appellants, 
v
Desmond T. Barry, Jr., et al., respondents, et al., defendant.

Lovell Stewart Halebian Jacobson LLP (John Halebian, Adam C. Mayes, and Law Offices of Sanford F. Young P.C., New York, NY, of counsel), for appellants.
Debevoise & Plimpton LLP, New York, NY (Maeve L. O'Connor, David Sarratt, Susan Reagan Gittes, Laura J. Samuels, Morgan A. Davis, and Aasiya F. M. Glover of counsel), for respondents.

DECISION & ORDER
In an action for judicial dissolution of Winged Foot Holding Corporation, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated June 14, 2021. The order granted the motion of the defendants Desmond T. Barry, Jr., Thomas T. Egan, John P. Heanue, William M. Kelly, Francis P. Barron, and Winged Foot Golf Club, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs are shareholders of the defendant Winged Foot Holding Corporation (hereinafter the Corporation), a real estate holding company formed in the 1920s having as its sole asset a 280-acre golf course in Mamaroneck. The Corporation's current majority shareholder is the defendant Winged Foot Golf Club, Inc. (hereinafter the Club), a members-only golf club formed around the same time as the Corporation's formation which operates on the Corporation's property. At the time the Corporation was formed, all of the Corporation's shareholders were also members of the Club. Over time, shares of the Corporation were sold or bequeathed to persons who were not members of the Club, such that a portion of the Corporation's current shareholders are not also members of the Club. The plaintiffs, who are not members of the Club, commenced this action for judicial dissolution of the Corporation. The complaint alleged, in sum, that the Corporation's board of directors is comprised exclusively of members of the Club who are not shareholders of the Corporation. The complaint alleged that the directors breached their fiduciary duty to the Corporation's shareholders who are not members of the Club by, among other things, entering into a lease extension with the Club in 2013 for the Corporation's property at an annual rent of only $30,000.
The defendants Desmond T. Barry, Jr., Thomas T. Egan, John P. Heanue, William M. Kelly, Francis P. Barron, and the Club (hereinafter collectively the defendants) moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations and res judicata. In support of the motion, the defendants submitted evidence that the plaintiffs, with the exception of the plaintiff Jerome Cortellesi, had commenced [*2]a predecessor action to dissolve the Corporation in the United States District Court for the Southern District of New York on June 14, 2014 (hereinafter the federal action), in which the plaintiffs also asserted a derivative cause of action alleging breach of fiduciary duty against the defendants arising from the 2013 lease extension. The defendants also submitted evidence that the District Court determined in the federal action that all of the plaintiffs' claims arising from conduct occurring before June 16, 2008, were barred by the statute of limitations (see Busher v Barry, 2019 WL 13217248, 2019 US Dist LEXIS 172754 [SD NY, No. 14-cv-4322 (NSR)]), and that, by order dated December 18, 2019, the District Court granted a motion by the defendants to dismiss the plaintiffs' "dissolution claim" for lack of subject matter jurisdiction to the extent of dismissing that claim on abstention grounds "without prejudice to Plaintiffs' asserting the claim in a state court action" (Busher v Barry, 2019 WL 6895281, *21, 2019 US Dist LEXIS 220082, *71-72 [SD NY, No. 14-cv-4332 (NSR)]). The plaintiffs then made an application in the federal action to voluntarily dismiss their remaining derivative claims "with prejudice." In an order dated October 14, 2020, the District Court granted the plaintiffs' application to voluntarily dismiss the "[r]emaining [c]laims with prejudice" (Busher v Barry, 2020 US Dist LEXIS 190514, *4 [SD NY, No. 14-cv-4322 (NSR) (JCM)], affd 2021 WL 5071871, 2021 US App LEXIS 32561 [2d Cir, No. 20-3587-cv]). Thereafter, in November 2020, the plaintiffs commenced the instant action for judicial dissolution of the Corporation.
In an order dated June 14, 2021, the Supreme Court granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiffs appeal, and we affirm.
"'Under the doctrine of res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or . . . seeking a different remedy'" (Joseph v Bank of N.Y. Mellon, 219 AD3d 596, 597, quoting Jones v Flushing Bank, 212 AD3d 791, 793). Generally, dismissal of a federal action without prejudice, including a dismissal on jurisdictional grounds, has no preclusive effect on a subsequent state action (see Stern v Pitts Mgt. Assoc., Inc., 214 AD3d 917, 918-919; Apotex Corp. v Hospira Healthcare India Private Ltd., 214 AD3d 430, 430; Gomez v Brill Sec., Inc., 95 AD3d 32, 35; Van Hof v Town of Warwick, 249 AD2d 382, 383). However, "'[a] stipulation of discontinuance with prejudice has the same preclusive effect as a judgment on the merits'" (Klein v Gutman, 121 AD3d 859, 861, quoting Schwartzreich v E.P.C. Carting Co., 246 AD2d 439, 441). In the event of a voluntary discontinuance with prejudice, "the language with prejudice is narrowly interpreted when the interests of justice or the particular equities involved warrant such an approach" (Klein v Gutman, 121 AD3d at 861-862 [internal quotation marks omitted]; see Employers' Fire Ins. Co. v Brookner, 47 AD3d 754, 756).
Here, the cause of action for dissolution insofar as it could be based on acts occurring after June 16, 2008, was not brought to a final conclusion on the merits in the federal action, as that cause of action was dismissed by the District Court without prejudice (see Busher v Barry, 2019 WL 6895281, 2019 US Dist LEXIS 220082). Therefore, the plaintiffs were not procedurally precluded from asserting a subsequent cause of action for dissolution in state court based on acts occurring after June 16, 2008, as a result of that dismissal (see Stern v Pitts Mgt. Assoc., Inc., 214 AD3d at 918-919; Apotex Corp. v Hospira Healthcare India Private Ltd., 214 AD3d at 430; Van Hof v Town of Warwick, 249 AD2d at 383). However, the only specific allegation of wrongdoing in the complaint in this action arising after June 16, 2008, is that the Corporation's directors breached their fiduciary duty in entering into the 2013 lease extension. The voluntary dismissal with prejudice of the derivative breach of fiduciary duty cause of action based on the 2013 lease extension in the federal action, after the cause of action for dissolution was dismissed and before the plaintiffs commenced the instant action, precludes litigation of a cause of action for dissolution based on a breach of fiduciary duty arising from the 2013 lease extension (see Joseph v Bank of N.Y. Mellon, 219 AD3d 596; cf. Klein v Gutman, 121 AD3d at 862).
The plaintiffs' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
MILLER, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court